### In re RUSCH et al.

(District Court, E. D. Wisconsin. December 18, 1900.)

BANKRUPTCY—TRUSTEE—EMPLOYMENT OF COUNSEL.

Where there are matters in controversy between different classes of the creditors of a bankrupt, the trustee will not be authorized to employ as his counsel one who is also counsel for any of the creditors.

In Bankruptcy. On application of trustee for authority to employ as counsel one of the attorneys representing certain creditors.

Bloodgood, Kemper & Bloodgood, for creditors.

SEAMAN, District Judge. The creditors presenting claims in this matter united in interests, and may be roughly classified as (1) mercantile creditors, whose claims are both unsecured and undisputed; (2) so-called "family creditors," whose claims are disputed and unsecured; and (3) one claimant of a large amount for alleged purchases of lumber and other claims, secured and unsecured. From the outset of the proceedings a triangular contest has been carried on in reference to receivership, selection of trustee, and other phases, and, if counsel for either of these contestants were adopted as counsel for the trustee, I am satisfied that the way to a speedy and equitable adjustment of the entire estate would be more difficult than it would be in the hands of independent counsel. If litigation is unavoidable, an early hearing of the issues is important; but it does not appear that the questions of law or fact are so complicated as to cause delay through the employment of other counsel, and the circumstances do not warrant departure from the general rule against the selection on behalf of the trustee of counsel representing interests in the litigation which are either adverse to the general estate, or in conflict with other interests therein represented by the trustee, or to which he owes some duty. The trustee is authorized to engage counsel subject to approval, but not from either of those representing the parties litigant.